UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X Case No.:
TORI BURKE,

                Plaintiff,

-against-                                           **COMPLAINT**

THE CITY OF NEW YORK,

                                                            **JURY TRIAL DEMANDED**
                Defendant.
------------------------------------------------------------------------X

      Plaintiff, TORI BURKE, by his attorneys POWELL & ROMAN, LLC, complaining of the Defendant herein, respectfully alleges the following upon information and belief:

## PRELIMINARY STATEMENT

    1.     Plaintiff was wrongfully arrested and imprisoned on or about September 24, 2012, until his charges against him were dismissed on or about May 26, 2015. Plaintiff brings this civil rights, wrongful arrest, unlawful imprisonment, malicious prosecution, assault and battery, and negligence action to redress the deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by provisions of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42, United States Code, Section 1983. Plaintiff alleges that he was wrongfully arrested without probable cause or an arrest warrant, maliciously prosecuted and unjustly imprisoned from September 24, 2012 through May 26, 2015., when the charges against him were dismissed. Plaintiff also alleges that an assault and battery was committed to his person and suffered damages through the negligence, recklessness and carelessness of the Defendant.

## JURISDICTION

    2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343 (a)(3) and (4). The substantive claims herein arise under 42 U.S.C. 1983 and the Fourth Fifth Eighth and Fourteenth Amendments to the United States Constitution for actions arising under the Constitution of the United States as well as applicable New York State law.

## PARTIES

3. At all times hereinafter mentioned, the Plaintiff, TORI BURKE, was and still is a resident of the County of Queens, City and State of New York.

4. At all times hereinafter mentioned, the Defendant, THE CITY OF NEW YORK (hereinafter referred to as "NYC") was and still is a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that one of its agencies and/or political subdivisions is the NEW YORK CITY POLICE DEPARTMENT, (hereinafter referred to as "NYCPD").

## FACTS

5. On or about September 24, 2012, at approximately 6:00 a.m. the Plaintiff was lawfully in the premises known as 21-51 35th Avenue, Apartment 1G, the County of Queens, City and State of New York, and was falsely arrested, unlawfully imprisoned, unlawfully searched and seized, and was maliciously prosecuted, when the Defendant NYC through its agency NYPD, its employees, agents and/or assignees, arrested the Plaintiff without just cause.

6. The Defendant NYC through its agency NYPD, arrested the Plaintiff in handcuffs much to his embarrassment, was taken through the streets of Queens County, to a precinct in the County of Queens, where he was forced to stay over an extended period of time.

7. Defendant NYC, through its agency, NYCPD, negligently, recklessly and carelessly allowed its employees to charge Plaintiff with false criminal charges.

8. As a result of the aforementioned actions, Plaintiff was maliciously prosecuted for charges of Penal Law 125.25-1, Murder in the Second Degree; Penal Law 265.03(1)(B), Criminal Possession of a Weapon in the Second Degree-an Armed Felony; and Penal Law 265.03(3), Criminal Possession of a Weapon in the Second Degree-an Armed Felony Offense, which lead to his false imprisonment wherein the Plaintiff was detained and constantly shackled upon his hands and feet from September 24, 2012 through May 26, 2015 when the charges against the Plaintiff were dismissed.

9. At all times, Plaintiff was conscious of his confinement, did not consent to his confinement, and was intentionally confined and the confinement was not otherwise privileged by

law. Due to his incarceration, the Plaintiff lost wages from his place of employment, suffered grievous emotional distress during his imprisonment in violation of his Civil Rights, and continues to suffer as a result of the unlawful actions of Defendant NYC.

## LEGAL CLAIMS

10. The Notice of Claim was duly served upon the Defendant NYC within ninety (90) days after the cause of action of the Plaintiff accrued.

11. More than thirty (30) days have elapsed since the service of the Notice of Claim upon the Defendant NYC.

12. The Defendant NYC and its comptroller have failed, neglected, and refused to pay, settle, compromise, or adjust the claim of the Plaintiff herein.

13. The action has been commenced within one (1) year and ninety (90) days after the cause of action of the Plaintiff accrued.

14. Plaintiff has duly complied with all the conditions precedent to the commencement of this action.

15. This action involves the deprivation of Plaintiff's constitutionally guaranteed rights by Defendants and is founded upon 42 U.S.C. §1983. The rights sought to be enforced include Plaintiff's rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

## AS AND FOR THE FIRST CAUSE OF ACTION

16. Defendant NYC employed the policemen, jailers, district attorney and his assistants and others hereinafter mentioned in this complaint.

17. Defendant NYC owned, maintained, and controlled the police stations, jails and their equipment, and the vans used to transport prisoners, all hereinafter mentioned in this Complaint

18. On September 24, 2012, at approximately 6:00 a.m. the Plaintiff was lawfully in the premises known as 21-51 35th Avenue, Apartment 1G, the County of Queens, City and State of New York, when Defendant's police officers arrived and placed the Plaintiff into custody without an arrest warrant being issued for Plaintiff.

19. Plaintiff was placed into police custody and transported to one of its precinct. Upon arrival at the aforementioned precinct Plaintiff was detained against his will.

20. At the time that Plaintiff was being transported to the a police precinct he was required to go with Defendant's police offices and was not free to leave. Similarly during the entire time that Plaintiff was at the police precinct, he was required to stay and was not free to leave, despite the fact that there was no probable cause that he had committed a crime or arrest warrant on which to base his detention.

21. The transportation of Plaintiff to, and the detention of Plaintiff at the police precinct, without probable cause and without an arrest warrant constituted a seizure within the meaning of the Fourth Amendment and deprived Plaintiff of liberty. This seizure and deprivation of liberty were unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

22. The violation of Plaintiff's Fourth and Fourteenth Amendment rights by Defendant its agents service and/or employees, under color of state law, individually, and through their conspiracy with one another, was in accordance with the official policy of Defendant's agency NYCPD. The Defendant is liable to Plaintiff for the violation of his rights as is set forth more fully below.

23. As a result of the foregoing, Plaintiff has been deprived of his constitutional rights and liberty and has suffered and continues to suffer great mental anguish and emotional upset. He was held in custody by Defendant, under color of state law, and was not permitted to leave.

24. As a direct result of the illegal transportation and detention of Plaintiff by Defendant, Plaintiff was imprisoned for over two years eight months. In May 26, 2015, the charges against Plaintiff were dismissed. During the time the charges were pending against the Plaintiff, Plaintiff was under tremendous trauma and emotional upheaval.

25. As a result of the gross, willful and flagrant violation of Plaintiff's constitutional rights as set out above, Plaintiff is entitled to a substantial award of punitive damages.

26. As a result of the illegal actions of Defendant, Plaintiff has been required to hire an attorney and will incur a sizable attorneys' fee.

## AS AND FOR A SECOND CAUSE OF ACTION

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained hereinabove as if the same were more fully set forth at length herein.

28. On or about the 24th day of September, 2012 in the County of Queens, City of New York, Defendant's agents maliciously contriving and intending to injure Plaintiff and to bring him into public disgrace and scandal, with force and arms, arrested Plaintiff, without any probable or reasonable cause and without any warrant or other legal process therefore, and thereupon compelled him to enter a certain police car and to ride therein on the public streets to a police station in Queens County, and thereafter detained him in a cell in said police station and thereafter in cells in Central Booking at the Queens County Criminal Court, all against Plaintiff's will and without his consent and contrary to the laws of the State of New York.

29. Thereafter, maliciously intending to discredit Plaintiff and to destroy his reputation, Defendant's agents swore to, and filed in the Court, a written complaint charging him violating Penal Law 125.25-1, Murder in the Second Degree; Penal Law 265.03(1)(B), Criminal Possession of a Weapon in the Second Degree-an Armed Felony; and Penal Law 265.03(3), Criminal Possession of a Weapon in the Second Degree-an Armed Felony Offense.

30. Based upon the sworn statements of Defendant's agent, Plaintiff was charged with the aforementioned offenses.

31. Thereafter, on or about May 26, 2015, the Court dismissed the charges against the Plaintiff.

32. The foregoing acts of Defendant against Plaintiff were committed maliciously, wantonly, willfully, and without probable cause, excuse or justification therefore.

33. By reason and in consequence of said false arrest, unlawful imprisonment and malicious prosecution, Plaintiff was severely injured and was caused to suffer severe physical and mental pain and suffering and will continue to suffer physical and mental pain and suffering due to the Defendants, their agents, servants, and employees' malicious conduct.

### AS AND FOR THE THIRD CAUSE OF ACTION

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained hereinabove as if the same were more fully set forth herein.

35. On or about September 24, 2012, at approximately 6:00 a.m. in the vicinity of 21-51 35th Avenue, Apartment 1G, the County of Queens, City and State of New York, the Defendant jointly and severally with it employees, agents and/or servants without any warrant, order or other legal process and without any legal rights wrongfully and unlawfully arrested Plaintiff, restrained him and his liberty, and then took him into custody to a police station in Queens County.

36. At all times the Plaintiff was conscious of his confinement, his confinement was intentional by the Defendant, the Plaintiff did not consent to the confinement and the confinement was not otherwise privileged by law.

37. Defendant NYC through its agents NYCPD, without warrant or authority of law, wrongfully, unlawfully, against Plaintiff's wishes, without probable cause, and on the charges then made, arrested the Plaintiff and compelled him to go with the Defendant's to prison, where Defendant knew or had an opportunity for knowing, and ought to have known, the matters herein above alleged, wrongfully and without sufficient charge having been made against the Plaintiff, directed that the Plaintiff be searched and placed in confinement.

38. The acts of the Defendant, its agents, servants, and employees were willful, concerted and done maliciously and knowingly.

39. By reason of the joint and several acts of the Defendant through its employees agents and/or servants, the Plaintiff, without fault of his part, was wrongfully and unlawfully deprived of this liberty and compelled to confinement and was subject to great ridicule, humiliation, and disgrace, and was caused to suffer physical and mental pain caused by said false arrest and wrongful imprisonment.

### AS AND FOR A FOURTH CAUSE OF ACTION

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained hereinabove as if the same were more fully set forth herein.

41. As a result of the wrongful arrest, the Plaintiff was deprived of his liberty by the Defendant. While he was in police custody the Plaintiff was photographed and his fingerprints were taken in accordance with the usual practice of arrest of criminals and he was charged with and held for various felony crimes.

42. The Plaintiff, was thereupon held in custody and restrained of his liberties and unlawfully imprisoned until the charges against Plaintiff was dropped.

43. At all times, the Defendant intended to confine the Plaintiff, the Plaintiff was conscious of the confinement, the confinement was not otherwise privileged by law nor did the Plaintiff consent to such confinement.

44. By reason of the joint and several acts of the Defendant through its employees agents and/or servants, the Plaintiff, without fault of his part, was wrongfully and unlawfully deprived of this liberty and compelled to confinement and was subject to great ridicule, humiliation, and disgrace, and was caused to suffer physical and mental pain caused by said false arrest and unlawful imprisonment.

## AS AND FOR A FIFTH CAUSE OF ACTION

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained hereinabove as if the same were more fully set forth herein.

46. Upon information and belief, on or about September 24, 2012 and from that time until the determination that the Plaintiff was unlawfully arrested and that his charges were dismissed, the Defendant through its employees agents and/or servants, jointly and severally did deliberately and maliciously prosecute the Plaintiff, without any probable cause whatsoever..

47. The Defendant through its employees agents and/or servants, acting jointly and severally in their respective capacities, failed to take reasonable steps to stop the prosecution of the Plaintiff and instead maliciously and deliberately provided false and/or incomplete information to the District Attorney's office to initially induce prosecution of the Plaintiff and the District attorney's office after it was informed by the Plaintiff and Counsel that he was innocent, they took no reasonable steps to ascertain if he was properly being prosecuted and detained.

48. The commencement of these criminal proceedings was malicious and begun in malice and without probable cause that the proceeding could succeed by the Defendant.

49. As a result of the malicious prosecution, Plaintiff was deprived of his liberty and suffered the humiliation, mental anguish, emotional distress, indignity and frustration of an unjust criminal prosecution.

50. By reason of the joint and several acts of the Defendant through its employees agents and/or servants, the Plaintiff, without fault of his part, was wrongfully and unlawfully deprived of this liberty and compelled to confinement and was subject to great ridicule, humiliation, and disgrace, and was caused to suffer physical and mental pain caused by said malicious prosecution.

## AS AND FOR A SIXTH CAUSE OF ACTION

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained hereinabove as if the same were more fully set forth herein.

52. Defendant through its employees agents and/or servants, did violate the Constitutional rights of the Plaintiff to be free from unlawful search and seizure pursuant to the Fourth Amendment of the United States Constitution. The Plaintiff was seized, searched and held in custody by the Defendant without the Defendant possessing a court authorized arrest warrant, reasonable suspicion or probable cause to believe a crime was committed, was about to be committed by the Plaintiff or had been committed by the Plaintiff.

53. By reason of the joint and several acts of the Defendant through its employees agents and/or servants, the Plaintiff, without fault of his part, was wrongfully and unlawfully deprived of his liberty and compelled to confinement and was subject to great ridicule, humiliation, and disgrace, and was caused to suffer physical and mental pain caused by said false arrest.

## AS AND FOR A SEVENTH CAUSE OF ACTION

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained hereinabove as if the same were more fully set forth herein.

55. Defendant jointly and severally through its employees agents and/or servants, did violate the Constitutional rights of the Plaintiff to be free from unlawful search and seizure of the Plaintiff's person as stated in Article One, Section Twelve of the New York State Constitution, by

their unlawfully seizing, searching, holding and arresting the Plaintiff without a court-authorized arrest warrant, reasonable suspicion or probable cause.

56. By reason of the joint and several acts of the Defendant through its employees agents and/or servants, the Plaintiff, without fault of his part, was wrongfully and unlawfully deprived of this liberty and compelled to confinement and was subject to great ridicule, humiliation, and disgrace, and was caused to suffer physical and mental pain caused by said false arrest and unlawful imprisonment.

## AS AND FOR A EIGHTH CAUSE OF ACTION

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained hereinabove as if the same were more fully set forth herein.

58. Defendant did abuse and deprive the Plaintiff of his Civil and Constitutional rights under Color of State law in violation of 42 United States Code, Section 1983 by their unlawful actions in searching, seizing, holding, striking, arresting, imprisoning and maliciously prosecuting the Plaintiff. At all times the individuals so named were acting under Color of State law in the scope of their employment to deprive a citizen of the United States, his constitutional and statutory rights.

59. By reason of the joint and several acts of the Defendant through its employees agents and/or servants, the Plaintiff, without fault of his part, was wrongfully and unlawfully deprived of this liberty and compelled to confinement and was subject to great ridicule, humiliation, and disgrace, and was caused to suffer physical and mental pain.

## AS AND FOR A NINTH CAUSE OF ACTION

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained hereinabove as if the same were more fully set forth herein.

61. Defendant NYC though its agency, the NYCPD, grossly failed to train and adequately supervise its police officers in the fundamental law and procedure of arrest, search and seizure of persons with an alleged warrant.

62. As previously stated the police officers unlawfully arrested the Plaintiff, placed him in custody and subjected him to numerous line-ups.

63. Defendant NYC through its agency, the NYCPD, also grossly failed to train and adequately supervise its Assistant District Attorneys in prosecuting and imprisoning individuals similarly situated to the Plaintiff, and especially the Plaintiff in that the Plaintiff expressly informed Defendant NYC's police officers, the District Attorney's Office that he was an innocent man not wanted for any crimes and wrongfully being imprisoned.

64. Defendant NYC failed to implement a policy with its Police Department for its police officers, that a fingerprint search, photograph or other identifiable characteristic search should be conducted in every case where an individual was detained on no reasonable identifying characteristics. This official policy had the same force and effect of encouraging the false arrest, unlawful imprisonment, malicious prosecution, illegal search, seizure and investigation of the Plaintiff's case all to his detriment.

65. The foregoing acts, omissions and systemic failures are customs and policies of Defendant NYC which caused the police officers to not properly investigate the statements from the Plaintiff that he was not in possession of any illegal drugs under the belief that they would suffer no disciplinary actions for their failure to take proper or prudent steps in this case.

66. As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of Defendant NYC, its police officers and the District Attorney of Queens County and Assistant District Attorneys, both jointly and severally, did unlawfully imprison, maliciously prosecute, violate the Plaintiff's constitutional and statutory rights to be free from illegal search and seizures under the Fourth Amendment of the United States Constitution and to be deprived of liberty pursuant to the Fourteenth Amendment of the United States Constitution.

67. By reason of the joint and several acts of the Defendant through its employees agents and/or servants, the Plaintiff, without fault of his part, was wrongfully and unlawfully deprived of this liberty and compelled to confinement and was subject to great ridicule, humiliation, and disgrace, and was caused to suffer physical and mental pain.

## AS AND FOR A TENTH CAUSE OF ACTION

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained hereinabove as if the same were more fully set forth herein.

69. Defendant was careless and negligent in failing to use reasonable care in the investigation and other performance of their police, prosecutorial and investigative duties leading up to the unlawful imprisonment and malicious prosecution of the Plaintiff that a reasonably prudent and careful police officer, District Attorney and Assistant District Attorney would have used in similar circumstances, including but not limited to, not arresting the Plaintiff and not continuing the prosecution and imprisonment of the Plaintiff.

70. By reason of the joint and several acts of the Defendant through its employees agents and/or servants, the Plaintiff, without fault of his part, was wrongfully and unlawfully deprived of this liberty and compelled to confinement and was subject to great ridicule, humiliation, and disgrace, and was caused to suffer physical and mental pain.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION

71. Plaintiff repeats, reiterates, and realleges each and every allegation contained hereinabove as if the same were more fully set forth herein.

72. Defendant NYC failed to properly supervise and exercise sufficient care in that a supervisory officer of sufficient rank was not present at the scene of the arrest and then subsequently to evaluate the propriety of the arrest and the procedures used by the its agency NYCPD, especially their follow up investigation of the facts and circumstances of the case which would have revealed that the Plaintiff was not the individual wanted for murder and robbery.

73. By reason and in consequence of the foregoing, Plaintiff was severely injured and was caused to suffer severe physical and mental pain and suffering and will continue to suffer physical and mental pain and suffering due to the Defendants, their agents, servants, and employees' malicious conduct.

### AS AND FOR A TWELFTH CAUSE OF ACTION

74. Plaintiff repeats, reiterates, and realleges each and every allegation contained hereinabove as if the same were more fully set forth herein.

75. Plaintiff for many years enjoyed an excellent reputation in New York as a private citizen.

76. Defendant its agents, servants and/or employees advised the media that Plaintiff had been arrested for violating the aforementioned crimes.

77. The Plaintiff had at no time committed any act in the presence of Defendant its employees agents and/or servants, which constituted either a felony, misdemeanor, or violation of any State statutes, nor was there in existence any reasonable or probable cause to believe that a felony had been committed or that the Plaintiff had committed same. Further, there was not in existence at this time any warrant calling for the arrest or imprisonment of Plaintiff.

78. At all times material, Defendant through its employees agents and/or servants, were aware that Plaintiff had substantial family and business ties in Queens County, New York, and that he would and would make himself continuously available for inquiries, investigations or any lawful proceedings, including court appearances.

79. The Defendant at all times material, knew that there was a complete absence of probable cause against the Plaintiff with respect to the charges for which they arrested Plaintiff, but nonetheless procured the District Attorney's Office to file charges against the Plaintiff because they desired to avoid any civil liability for their illegal arrest of Plaintiff.

80. Plaintiff was charged with the aforementioned crimes on September 24, 2012

81. Plaintiff's charges were dismissed on May 26, 2015.

82. The Plaintiff has a right to be free from illegal searches and seizure of Plaintiff's person and a right to be free from unlawful arrest, detention and imprisonment. These rights are secured to Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. §1983.

83. On September 24. 2012, and continuing until May 26, 2015, Defendant, by illegally arresting and imprisoning Plaintiff, deprived the Plaintiff of rights and privileges secured by the United States Constitution, to wit:

    (a) Plaintiff was deprived of the 4th Amendment right to be secure against unreasonable searches and seizures as applied to the states through the 14th Amendment.

(b) Plaintiff was deprived of the 8th Amendment right to be free from cruel and unusual punishment as applied to the state through the 14th Amendment.

(c) Plaintiff was deprived of the 14th Amendment freedom of liberty including but not limited to freedom from bodily restraint.

84. Plaintiff was subjected or caused to be subjected to such deprivations by the Defendant its agents, servants and employees acting under color of State law.

85. The deprivation of Plaintiff's constitutional rights violates section 1983 of the Civil Rights Act.

86. Defendant, individually and in concert with the others acted under pretense, color and virtue of law and their official capacities, but said acts were illegal, and each Defendant, individually, and in concert with the others acted willfully, knowingly and with specific intent to deprive Plaintiff of his constitutional rights.

87. As a direct and proximate result of these violations of Plaintiff's constitutional rights, he was made to suffer great emotional trauma, discomfort and embarrassment, was deprived of his liberty, his personal and professional reputations were impaired.

88. As a further direct and proximate result of the violations of Plaintiff's constitutional rights, Plaintiff was required to employ and did employ the undersigned attorneys to prosecute this action. The Plaintiff has become obligated to pay said attorneys a reasonable fee for their services in connection with and in furtherance of this action arising out of the conduct of the Defendants.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION

89. Plaintiff repeats, reiterates, and realleges each and every allegation contained in hereinabove as if the same were more fully set forth herein.

90. Defendant by its agents, and employees caused Plaintiff to be incarcerated without justification or reasonable cause.

91. Incarcerating the Plaintiff, an innocent person is cruel and inhuman treatment in violation of the United States and New York State Constitutions.

92. By actions of the servants, agents and employees of Defendant NYC, Plaintiff was forced to suffer the cruel and inhuman treatment of being arrested, and imprisoned with all the

detriments associated with these acts including but not limited to: being strip searched; being assaulted by prisoners; and suffering embarrassment and shame.

93. By reason and in consequence of suffering cruel and inhuman treatment at the hands of the Defendant, Plaintiff was severely injured and was caused to suffer severe physical and mental pain and suffering and will continue to suffer physical and mental pain and suffering due to the Defendants, their agents, servants, and employees.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION

94. Plaintiff repeats, reiterates, and realleges each and every allegation contained hereinabove as if the same were more fully set forth herein.

95. On September 24, 2012, Plaintiff was lawfully situated at 21-51 35th Avenue, Apartment 1G, the County of Queens, City and State of New York.

96. Defendant NYC's agents or employees, without reasonable suspicion or probable cause, invaded Plaintiff's privacy by intruding upon Plaintiff's affairs.

97. The act of Defendant's employees in searching and seizing Plaintiff and strip searching Plaintiff were violative of Plaintiff's privacy and objectionable to a reasonable person.

98. Defendant NYC, through its agents, servants, and employees then, in further exacerbation of the original intrusion, strip searched Plaintiff at one of its Police Precinct and in prison.

99. Defendant NYC and its servants, agents and employees have caused great humiliation, embarrassment and shame to Plaintiff and invaded his privacy by subjecting him to numerous strip searches and should be held liable for damages caused to Plaintiff.

100. Defendant NYC by their acts are responsible for the further acts of invasion of Plaintiff's privacy by NYC through its agency NYCPD and its employees for setting into motion a chain of events.

101. Defendant NYC, by illegally searching, seizing and strip searching Plaintiff in invading Plaintiff's privacy have caused damages to the Plaintiff.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION

102. Plaintiff repeats, reiterates, and realleges each and every allegation contained hereinabove as if the same were more fully set forth herein.

103. Defendant NYC by its agents, servants, and employees, arrested Plaintiff for a crime he did not commit and acted in a manner so egregious to society that it is extreme and outrageous and shocking to the conscience.

104. Plaintiff has suffered severe emotional distress due to the Defendants' conduct.

WHEREFORE Plaintiff prays for relief as follows:

(a) That the Court accepts jurisdiction over this matter;

(b) That the Court impanels and charges a jury with respect to the causes of action;

(c) That the Court determine and enter judgment declaring that the acts and omissions of the Defendants as set forth above, violated the rights secured to the Plaintiff's Decedent under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution;

(d) That the Court award damages to the Plaintiff for physical pain and mental anguish;

(e) That the Court award general damages to the Plaintiff;

(f) That the Court award punitive damages to the Plaintiff;

(g) That the Defendants be required to pay the legal costs and expenses herein, including reasonable provision for Plaintiff's attorneys' fees;

(h) That the Court grant such further and additional relief that is appropriate herein.

Dated: New York, New York
April 20, 2016

Yours, etc.

POWELL & ROMAN, LLC

By: _____
Robert G. Androsiglio, Esq.(RGA4354)
Attorneys for Plaintiff
30 Wall Street, 8th Floor
New York, NY 10005-2205
(212) 742-0001